UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOURK
------------------------------------------------------------------------x
JOSEPH GROSSINGER,                                   :
                                                     :
    Plaintiff,                                       :
                                                     :
                                                     :     06cv4437(HB)
                  -against-                    :     **OPINION & ORDER**
                                                     :
CANETTI & TROODLER, LLP,                             :
                                                     :
    Defendant.                                       :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

    Plaintiff Joseph Grossinger's claims of violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), intentional infliction of emotional distress ("IIED"), and invasion of privacy against the law firm of Canetti & Troodler, LLP arise from a single letter sent by the firm to Mr. Grossinger seeking payment of a debt owed to a client. Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

    In April 2006, attorney Meryl C. Troodler ("Troodler"), a partner at the Defendant law firm, sent Plaintiff a letter (the "Collection Letter") on firm letterhead that demanded payment of a $9,675.00 debt that Plaintiff allegedly owed to Shrag Electrical Corporation. Am. Compl. ¶¶ 5-7.; Affidavit of Peter D. Rigelhaupt, dated June 7, 2007 ("Rigelhaupt Aff."), Ex. C. The Collection Letter advised Plaintiff to notify the firm if he had reason to object to the amount of the claim or if he was willing to pay but needed more time to do so. Riegelhaupt Aff., Ex. C. The Collection Letter further stated that if the firm did not hear from Plaintiff, the firm "intended to take legal action to protect [its] client's interests." *Id.* Plaintiff did not respond to the Collection Letter.[1] Affidavit of Meryl C. Troodler, dated June 7, 2007 ("Troodler Aff"), ¶8. Rather, he filed this action on June 13, 2006, alleging, *inter alia*, that Defendant violated the FDCPA by misrepresenting the imminence of litigation and threatening to sue. Compl. ¶¶ 10-12.

    Of some relevance to Plaintiff's principal argument in opposition to the instant motion is Troodler's part time employment as a Deputy Town Attorney for the Town of Ramapo, New York. Troodler Aff. ¶16. Plaintiff served a subpoena on the Ramapo Legal Department, seeking

---

[1] Plaintiff does not dispute that he did not respond to the Collection Letter other than to file this law suit.

records pertaining to the cases on which Troodler has worked for the town.  Defendant filed a motion to quash the subpoena, which was denied when Judge Robinson concluded that Defendant did not have standing to quash the third-party subpoena.[2]

## LEGAL STANDARD

A court may grant summary judgment "only if it can be established that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 367-68 (2d Cir. 2003).  A dispute concerning a material fact is genuine if the "'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson,* 477 U.S. at 248).  "In determining whether the moving party is entitled to judgment as a matter of law, the court must resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Properties, Inc. v. Salvino, Inc.*,  542 F.3d 290, 309 (2d Cir. 2008).  However, "[i]n order to defeat a properly supported summary judgment motion, the opposing party must proffer admissible evidence that 'set[s] forth specific facts' showing a genuinely disputed factual issue that is material under the applicable legal principles."  *Id*.  (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

### A.  Violation of the FDCPA

"The [FDCPA] prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins* 514 U.S. 291, 292 (1995).  The law applies to "attorneys who 'regularly' engage in consumer-debt-collection activity. *Id.* at 299.   "The plaintiff in an FDCPA action bears the burden of proving the defendant's debt collector status" and thus to survive a motion for summary judgment the plaintiff must "make a showing sufficient to support a determination that [the defendant] was a debt collector at the time it issued the challenged communication."[3] *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60-61 (2d Cir. 2004).

---

[2] This case was initially assigned to Judge Stephen C. Robinson.  It was reassigned to me on June 5, 2009.

[3] The Second Circuit has held that "the question of whether a lawyer or law firm 'regularly' engages in debt collection activity within the meaning of section 1692a(6) of the FDCPA must be assessed on a case-by-case basis in light of factors bearing on the issue of regularity."  *Goldstein*, 374 F.3d at 62. These factors include, *inter alia*, "the absolute number of debt collection communications issued, . . . the frequency of such communications [and] whether the entity has personnel specifically assigned to work on debt collection activity. *Id* at 62-63.

Apart from wholly conclusory allegations and arguments, Plaintiff makes no meaningful attempt to make the showing required to survive summary judgment.[4]  In contrast, Defendant proffers competent evidence that tends to show, *inter alia*, (1) Defendant is a general practice law firm with an emphasis in family law; (2) Defendant has, to Troodler's knowledge, represented debtors in bankruptcy but has never represented a creditor in bankruptcy; and (3) based upon a search of all correspondence drafted by the firm over the past 10 years, during that period and apart from the Collection Letter at issue here, Defendant has not sent a single letter seeking to collect a client's debt or otherwise represented a client seeking to collect a consumer debt.  Troodler Aff. ¶¶ 4-11.  Plaintiff's efforts to rebut this evidence are plainly insufficient as they fail to point to *any* evidence that demonstrates the existence of a genuine issue for trial.  Fed. R. Civ. P. 56(e).

Instead, Plaintiff argues that summary judgment is improper because documents sought pursuant to the subpoena served on Ramapo will establish that Troodler is a "hired 'gun'" and "renowned debt collector."  Although Plaintiff never cites the rule, his argument suggests an attempt to rely on Rule 56(f) which permits a court to deny a motion for summary judgment when the opposing party "shows by affidavit that, for specified reasons, it cannot present facts to justify its opposition."  Fed. R. Civ. P. 56(f).

This argument fails for at least two reasons.  First, Plaintiff does not supply the requisite affidavit stating the specific facts that are necessary to oppose the motion and how they would be obtained through discovery.   This alone is "sufficient grounds to reject a claim that the opportunity for discovery is inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994).  Second, even if the Court overlooked this deficiency in Plaintiff's attempt to rely on the principle of Rule 56(f), as noted by Judge Robinson in his decision denying Defendant's motion to quash the subpoena, "whatever work Troodler may or may not have done as an employee of the Town of Ramapo . . . is not relevant in an assessment of whether the Defendant law firm was a debt collector for purposes of the FDCPA."  Slip Op. at 3.  Thus, even if Plaintiff had complied with Rule 56(f), the facts sought through discovery have no relevance to disposition of the instant motion.  Accordingly, Defendant's motion for summary judgment on Plaintiff's FDCPA claim is GRANTED.

---

[4] In response to Defendant's assertion that it does not advertise itself as a debt collector, Plaintiff supplies "online searches and print-outs" that purport to indicate otherwise.  Pls.' 56.1 Statement of Disputed Facts, Ex. A.  In actuality the materials demonstrate nothing more than that Defendant has advertised its services as bankruptcy counsel and represented clients in bankruptcy proceedings.

### B. Plaintiff's Other Claims

Plaintiff does not oppose Defendant's motion to dismiss his claims of IIED and invasion of privacy and that these claims lack merit is readily discerned. First, the act of sending a single letter seeking to collect a debt (the validity of which is not in dispute) does not rise to the level of "extreme and outrageous conduct" and Plaintiff points to no facts that would even tend to support an inference that Defendant intended to cause or recklessly disregarded the probability of causing severe emotional distress. *See Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993). Second, "New York does not recognize a common-law right of privacy" and Plaintiff's allegations plainly fail to allege a violation of New York Civil Rights Law §§ 50 and 51 which provide a "limited statutory right of privacy" for use of a person's name or likeness for advertising purposes. *Messenger ex rel. Messenger v. Gruner + Jahr Printing and Pub.*, 94 N.Y.2d 436, 441 (2000). Accordingly, Defendant's motion to dismiss Plaintiff's remaining claims must be GRANTED.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to close this and any open motions and to close this case and remove it from my docket.

SO ORDERED
July 2[?], 2009
New York, New York

U.S.D.J.